199. The petition does not allege, nor the proof show, that the petitioners ever made or presented to Giles any such certificate as is required by said fifth clause to be made and presented. Neither does the petition allege, or the proof show, the making and presentation of such a certificate by the architect as is required by that clause. The one described in the petition and given in evidence falls substantially short of that required. Nor is there any waiver or excuse alleged or shown in respect to either of said certificates. The contract being the foundation of the petitioner's proceeding, and being in all respects lawful and valid, it can be enforced only as the parties have made it. The court was powerless to dispense with the condition precedent to which the court has referred. Decree reversed. Opinion by McAllister, J. Judge below, George Gardner. Attorneys, for plaintiff in error, Messrs. King & Packard ; for defendant in error, Mr. Eugene E. Prussing. Opinion filed April 7, 1886.

No. 47—2317. Albert Hurzfield et al. v. David Cohen. As the court finds no support in the record for any of the points raised on behalf of appellants, the judgment is affirmed. Opinion Per Curiam. Judge below, John G. Rogers. Attorneys, for appellants, Messrs. Flower, Remy & Gregory and Mr. Fred. L. Brooks; for appellee, Messrs. Byam, Weinschenk & Griesburg.

No. 44—2314. David W. Kean v. J. Fred Hammerly. Case originated in justice's court, shows a meritorious cause of action in favor of appellee, to which no defense was established. Affirmed. Opinion Per Curiam. Judge below, Kirk Hawes. Attorneys, for appellant, Mr. A. A. Exline ; for appellee, Messrs. C. & W. L. De Wolf. Opinion filed April 28, 1886.

No. 40—2310. George E. White et al. v. John E. Liston. The evidence legitimately tended to support the verdict, and there is no question of law presented by the record. Affirmed. Opinion Per Curiam. Judge below, Joseph E. Gary. Attorneys, for appellants, Messrs. Munn & Wheeler; for appellee, Mr. Wm. J. Manning and Mr. Percy V. Castle. Opinion filed April 28, 1886.

No. 46—2316. Crane Brothers' Manufacturing Company

v. Kraft, Gross & Company. In this case there were three
issues of fact: Whether the appellant made the contract sued
on, whether there was a breach and what were the damages.
The case was tried by the court without a jury, and while
there was a conflict of evidence on some points, an examina-
tion of the record satisfies the court that the findings of the
trial court were correct. Affirmed. Opinion PER CURIAM.
Judge below, JOSEPH E. GARY. Attorneys, for appellant, Mr.
R. L. TATHAM; for appellee, Mr. W. W. GURLEY. Opinion
filed April 28, 1886.

No. 36—2306.  L. J. Hiltz v. O. M. Wells.  Judgment by
confession was entered in the court below in favor of defend-
ant in error and against plaintiff in error on a judgment note
for $273.05.  A motion was entered to set aside the judgment,
and an affidavit in support of the motion was made by plaintiff
in error.  The court is unable to see from the facts set out in
the affidavit that plaintiff in error has any valid defense to the
note, and the motion to set aside the judgment was prop-
erly overruled.  Opinion PER CURIAM.  Judge below, ROLLIN
S. WILLIAMSON.  Attorneys, for plaintiff in error, Mr. G.
G. BELLOWS; for defendant in error, Mr. JOHN R. PARKER.
Opinion filed April 28, 1886.

No. 49—2319.  John D. Caton v. Charles Bent et al.  An
action by appellant, Caton, against the appellees, Bent and
five others, to recover damages for an alleged injury to
plaintiff's property.  The declaration contains but one count,
in a plea of trespass on the case as it is stated ; but in the body
of it is stated a cause of action in trespass to certain described
real estate, situate upon the dock of the Illinois & Michigan
Canal, in the city of Chicago, the plaintiff averring possession,
and that defendants unlawfully entered and tore down a fence
thereon, also that they dumped divers large quantities of mud
taken from the canal upon the same.  The same count also
sets up that plaintiff was the owner of divers articles and kinds
of goods and chattels, among which was a steam engine, which
were then upon said premises, which, by the unlawful acts of
the defendants in dumping said mud on said premises, became
covered or spattered with the same and thereby injured.  The
case was tried before a jury upon pleas of defendants denying
their guilt, and when the plaintiff had introduced his evidence